**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 090058)
Marcus D. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, California  91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

**NOVAK & BEN-COHEN**
Pejman Ben-Cohen, Esq. (SBN 226088)
8383 Wilshire Boulevard, Suite 1004
Beverly Hills, California  90211
Telephone:   (323) 651-4222
Facsimile:    (323) 651-4221
pab@nobelaw.com

Attorneys for Plaintiff Whitney Ghodsian

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY GHODSIAN, an individual, on behalf of herself and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>POWER BALANCE LLC, a Delaware Limited Liability Company, TROY JOHN RODARMEL, an individual, JOSH RODARMEL, an individual, KEITH KATO, an individual, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. SACV11-00075 DOC (RNBx)<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Unfair Business Practices (*Business & Professions Code* §17200, *et seq.*)<br>(2) False Advertising (*Business & Professions Code* §17500, *et seq.*); and<br>(3) Violations of Consumers Legal Remedies Act<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Whitney Ghodsian ("Plaintiff") makes all allegations in this Complaint based upon information and belief, except those allegations that pertain to Plaintiff, which are based on personal knowledge. Plaintiff's information and belief are based upon, inter alia, Plaintiff's own investigation and the investigation conducted by

1

Class Action Complaint
Case No. _____

Plaintiff's attorneys. Each allegation in this complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THE ACTION

Plaintiff brings this Complaint individually on behalf of herself and on behalf of a class of persons similarly situated against Defendants Power Balance LLC, Josh Rodarmel, Troy Rodarmel, and Keith Kato ("Power Balance Defendants'") pursuant to, *inter alia*, the California *Business and Professions Code* §17200, the California False Advertising Law, and the California Consumer Legal Remedies Act arising out of false and misleading claims concerning the benefits of Defendants' holographic products. Plaintiff seeks to: (a) recover damages for injuries which Plaintiff and the members of the class have sustained as a result of the wrongful actions and conduct of Defendants as described herein, (b) require Defendants to disgorge and restore all monies wrongfully obtained by it; and (c) enjoin Defendant from continuing to engage in the wrongful conduct alleged herein.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. The amount-in-controversy exceeds the sum of $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C. section 1332(d)(2).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this district. Specifically, Plaintiff was exposed to advertising as well as purchased the product in the County of Los Angeles. Moreover the Power Balance Defendants are all either headquartered or resident in Southern California, and they distributed, manufactured, advertised and sold the products subject of the present complaint, principally from Southern California.

## PLAINTIFF

3. Plaintiff Whitney Ghodsian is an individual consumer residing in Los Angeles County, California, who, during the proposed class period, purchased a Power Balance bracelet from a Finish Line store located in Los Angeles County, California. Plaintiff brings this action as an aggrieved party individually in her own right and as a representative of all other persons similarly situated.

4. Plaintiff purchased the Power Balance bracelet because of Defendants' claims that it would improve her strength, flexibility, and balance. In purchasing her Power Balance bracelet, she relied on Defendants' false and misleading claims regarding the product's benefits.

## DEFENDANTS

5. Defendant Power Balance LLC ("Power Balance") is a Delaware Limited Liability Company, headquartered at 30012 Ivy Glenn, Suite 180, Laguna Niguel, California 92677. Power Balance manufactures, markets, advertises, distributes, produces and markets the Power Balance Accessories, which are distributed for sale to consumers at retail outlets throughout the United States, Europe, Australia and Asia.

6. On information and belief, Power Balance is wholly owned by Defendants Josh Rodarmel ("J. Rodarmel"), Troy Rodarmel ("T. Rodarmel") and Keith Kato ("Kato").

7. On information and belief, Defendant J. Rodarmel is co-director, Chief Operating Officer and active owner of the company, and is involved, individually or in concert with others, in the formulation, direction or control of the policies, acts, or practices of Power Balance, including the acts or practices alleged in this Complaint. His principal place of business is the same as that of Power Balance.

8. On information and belief, Defendant T. Rodarmel is Chief Executive Officer, co-director and active owner of the company, and is involved, individually or in concert with others, in the formulation, direction or control of the policies,

acts, or practices of Power Balance, including the acts or practices alleged in this Complaint. His principal place of business is the same as that of Power Balance.

9. On information and belief, Defendant Kato is a co-director, company owner, as well as the company president, chief operating officer and chief financial officer. Individually or in concert with others, he formulates, directs or controls the policies, acts, or practices of Power Balance, including the acts or practices alleged in this Complaint. His principal place of business is the same as that of Power Balance.

10. J. Rodarmel, T. Rodarmel and Kato personally derived a personal financial benefit from the illicit acts complained of herein.

11. The true names and capacities of the defendants sued herein as Does 1 through 10, inclusive ("the Doe Defendants") are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants at such time as they have been ascertained. The Doe Defendants are the persons, firms and corporations who have participated with the Power Balance Defendants in the wrongdoings complained of and have performed acts and made statements in furtherance thereof. The Doe Defendants acted as co-conspirators and aided and abetted, or participated with, the Power Balance Defendants in the commission of the wrongful acts alleged herein or otherwise caused the damages suffered by Plaintiff and the other members of the class.

12. As used herein, the term "Defendants" shall mean and refer to the Power Balance Defendants and the Doe Defendants together.

## ALLEGATIONS OF CONCERTED ACTION

13. At all relevant times mentioned herein, Defendants pursued a common course of conduct, acted in concert and conspired with one another to accomplish the offenses complained of herein, and have performed acts and made statements in furtherance thereof. In addition to the wrongful conduct alleged herein as giving

rise to the primary liability, Defendants further aided and abetted and knowingly assisted each other in perpetuating the wrongdoing complained of herein.

14.	Whenever in this complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management direction, control, or transaction of the corporation's ordinary business or affairs.

## FACTUAL BACKGROUND AND ALLEGATIONS

15.	Defendants, since the beginning of 2007, distributed in commerce, among other things, the Power Balance Bracelets, Power Balance Wristbands, Power Balance Pendants, Power Balance necklaces and other Power Balance Jewelry, collectively referred to herein as "Power Balance Accessories" or "Accessories", throughout the United States, Europe and Australia. The Accessories, which purportedly contain one or more "Mylar Holograms," were marketed as being able to work and react with a body's natural energy flow thereby yielding physiological benefits when worn close to your body.

16.	Defendants represented and marketed that the instant benefits of the Power Balance Accessories included "increased core strength," "greater flexibility," and "improved balance." Indeed, those are the only words depicted on the front of the packaging for the product. As a result of the aforementioned misrepresentations, Defendants sold millions of units in relatively short span of time, amassing a huge wealth at the cost of innocent consumers.

17.	Specifically, since beginning to sell and distribute the Power Balance Accessories, Defendants made the same, consistent and repeated representations on their respective websites, on packaging, in store displays, at live exhibitions, through paid testimonials, through press releases and in other forms of marketing and advertising, representing that the "Mylar Holograms" contained in every Power Balance Accessory maintained properties, which in fact, they did not, as well as

gave users and/or consumers who wore a Power Balance Accessory physiological benefits which in fact, they couldn't give including, but not limited to, that:

    a. Power Balance holograms are embedded with frequencies that react positively with your body's natural energy field to improve balance, strength and flexibility;

    b. Power Balance holograms are designed to work with your body's natural energy field;

    c. Power Balance is Performance Technology;

    d. Power Balance uplifts your mood, and improves general health;

    e. Power Balance gives strength, flexibility and balance to the body;

    f. Use of the Power Balance results in lots of endurance and stamina.

    G. Power Balance improves efficiency and gives endurance.

18. In reality, however, Defendants have admitted that they did not and do not maintain any credible scientific evidence that supported the representations or the claims made to the public.

19. In or about January, 2011, in response to an Australian governmental investigation, Defendants admitted: "[i]n our advertising we stated that Power Balance wristbands improved your strength, balance and flexibility. We admit that there is no credible scientific evidence that supports our claims…"

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class ("the Class") defined as follows:

    All persons or entities who purchased Power Balance Accessories (comprised of Power Balance Bracelets, Wristbands, Necklaces and Pendants) in the United States

for purposes other than resale or distribution during the Class period, which is defined as the four years preceding the filing of this action.

21. Excluded from the Class are Defendants, their officers, directors, employees, subsidiaries, divisions, units, and affiliates as well as any judge, justice or judicial office assigned to hear any proceeding in relation to this case.

22. Although the precise number of members of the Class is unknown to Plaintiff at this time and can only be determined by appropriate discovery, Plaintiff is informed and believes, based upon the nature of the trade and commerce involved, that the Class of persons affected by the actions and conduct of Defendants is so numerous, consisting of many thousands of people, that joinder of all members of the Class is impracticable.

23. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class ("Class member(s)"), as required by Rule 23(a)(4). Plaintiff is an adequate representative of the Class, as she has no interests that are adverse to other Class members' interests. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

24. Plaintiff's claims are typical of the claims of the other Class members, as required by Rule 23(a)(3), because Plaintiff and each Class member purchased Accessories in reliance upon Defendants' deceptive representations and advertisements.

25. Common questions of law and fact exist as to all Class members, as required by Rule 23(a)(2), and predominate over any individual questions.

26. The common questions include, but are not limited to, the following:

    a. whether Defendants' actions and conduct violate state consumer protection laws;

      b.     the nature of Defendants' actions and conduct;

      c.     the type and pattern of damages sustained by Plaintiff and the Class as a result of the wrongful action and conduct of Defendants;

      d.     whether Defendants made fraudulent or misleading statements and omissions to Plaintiff and the Class in connection with marketing, solicitation, sale, operation and administration of the goods and services which are the subject of this suit;

      e.     whether injunctive relief prohibiting Defendants' unlawful business practices should issue;

      f.     whether restitution and disgorgement are appropriate; and

      g.     Whether Defendants participated in and pursed a scheme or common course of conduct alleged herein.

27. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Rule 23(b)(3) because:

      a.     the expense and burden of individual litigation make it economically unfeasible for Class members to seek redress for their "negative value" claims other than through the procedure of a class action;

      b.     if separate actions were to be brought individually by each Class member, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues;

      c.     prosecuting separate individual actions would create a risk of inconsistent adjudications of similar factual issues; and

      d.     absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

28. In the alternative, this action is certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(2) because:

   a. prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants;

   b. prosecuting separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class, and necessitating that any such relief be extended to Class members on a mandatory, class wide basis.

29. Plaintiff is aware of no difficulty that will be encountered in the management of this litigation that should preclude its certification as a class action.

30. Class members' names and addresses are available from Defendants' records. Notice can be provided to Class members via first class mail or otherwise, using techniques and a form of notice similar to those customarily used in class actions arising under federal law.

31. Plaintiff has incurred, and during the pendency of this action will incur, attorneys' fees and expenses. Such attorneys' fees and expenses are necessary for prosecuting this action and will result in a benefit to the Class.

/ / /
/ / /
/ / /
/ / /
/ / /

# FIRST CLAIM FOR RELIEF

(For Unlawful, Unfair and Fraudulent Business Acts

and/or Practices In Violation of

California *Business and Professions Code* §17200, *et seq.*)

32. Plaintiff repeats and incorporates herein by reference, as though set forth at length, the allegations contained in paragraphs 1 through 31 inclusive, above.

33. By their wrongful conduct as set forth above, Defendants have engaged in an unlawful business act or unlawful business practices in violation of California *Business and Professions Code* §17200, *et seq.*

34. By their wrongful conduct as set forth above, Defendants have engaged in an unfair business act or unfair business practices in violation of California *Business and Professions Code* § 17200, *et seq.* Defendants, through deceptive and misleading advertisements and representations, induced Plaintiff and the Class members to purchase Accessories believing them to have beneficial properties, both general and specific physiological benefits, which, in fact, they did not possess.

35. By their wrongful conduct as set forth above, Defendants have engaged in a fraudulent business act or fraudulent business practices in violation of California *Business and Professions Code* § 17200, *et seq.* Defendants' marketing, advertising, packaging and labeling represent that their Accessories possess benefits which, they, admittedly do not, in fact, possess. These representations have a capacity, tendency and/or likelihood to deceive and/or confuse the reasonable consumer.

36. Defendants conduct threatens and/or constitutes incipient violations of laws including, but not limited to, one or more of the following 18 U.S.C. §§1341, 1343, 1344, 10129(a)(2) and Cal. *Civil Code* §§1750, *et seq.*, and violates the letter, policy or spirit of such laws or other significantly threatens or harms competition.

///

**Class Action Complaint**
Case No. _____

37. Pursuant to *Business and Professions Code* §17203, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing its unlawful, unfair and/or fraudulent business acts or practices.

38. Further, Plaintiff and the members of the Class seek restitution and disgorgement of profits realized by Defendants as a result of its unlawful, unfair, and/or fraudulent business acts or practices.

## SECOND CLAIM FOR RELIEF

(Violations of California False Advertising Law -
California *Business and Professions Code* §17500, *et seq.*)

39. Plaintiff repeats and incorporates herein by reference, as though set forth at length, the allegations contained in paragraphs 1 through 38 inclusive, above.

40. California *Business & Professions Code* § 17500, *et seq.*, also known as the California False Advertising Law, makes it "unlawful for any person, . . . corporation or association, or any employee thereof with intent directly or indirectly to dispose of.. . personal property . . . or anything of any nature whatsoever . . . to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that . . . personal property . . .or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading..."

41. As alleged above, Defendants disseminated or caused to be disseminated deceptive advertising of Power Balance Accessories to the general public through various media. Such advertising, including but not limited to,

product packaging, advertising and marketing represented Power Balance Accessories as having specific characteristics yielding general and specific physiological benefits upon a user and/or consumer.

42. These advertisements were false and misleading and Defendants have admitted they were misleading.

43. Moreover, the Defendants admitted they had absolutely no credible scientific evidence supporting the representations made that the Power Balance Accessories had the benefits or properties as advertised.

44. Defendants continue to disseminate or cause to be disseminated such Deceptive statements as alleged herein.

45. The false and deceptive statements regarding the benefits of the Power Balance Accessories, as disseminated, or as caused to be disseminated by Defendants, are likely to deceive the consuming public.

46. While disseminating or causing to be disseminated the false and deceptive statements regarding the benefits of the Power Balance Accessories, as alleged above, the Defendants knew or should have known that the statements were false or misleading.

47. As a direct and proximate result of Defendants' false and misleading advertising, Plaintiff and the members of the class have been injured in fact, in that they purchased Power Balance Accessories in reliance on Defendants' false and misleading advertising as to the benefits of their products, and they would not have purchased said products had they known them to be devoid of any of the claimed benefits.

48. Defendants' false and misleading advertising as alleged above presents a continuing threat to Plaintiff, the Class, and members of the public because Defendants persist and continue to disseminate false and misleading advertising, and will not cease doing so unless and until enjoined or restrained by this Court.

///

**Class Action Complaint**
Case No. _____

1 Under California *Business & Professions Code* § 17535, Plaintiff, on behalf of
2 herself, the class members, and members of the general public, seek an order of this
3 Court:

    a.    Enjoining Defendants from continuing to engage, use, or employ any act prohibited by California Business Code § 17500 et seq.; and

    b.    Restoring all monies that may have been acquired by Defendants' false and misleading statements in advertisements, promotions, testimonials, and/or marketing, as described herein.

### THIRD CLAIM FOR RELIEF
(Violations of Consumers Legal Remedies Act ("CLRA")
Cal. *Civil Code* §§1750, *et seq.*)

49. Plaintiff repeats and incorporates herein by reference, as though set forth at length, the allegations contained in paragraphs through 48, inclusive, above.

50. The policies, acts and practices herefore described were intended to result in the sale of services to the consuming public. These actions violated and continue to violate CLRA section 1770, subsections (a)(5), (a)(7), (a)(9), and (a)(16) among others.

51. Plaintiff and the Class members are "consumers" within the meaning of Cal. Civ. Code §1761(d).

52. Defendants' claims regarding the ability of their Accessories to improve balance, flexibility and strength is and was the critical selling point of Defendants' products. Plaintiff and the Class relied on these representations when purchasing Defendants' Accessories.

53. As a direct and proximate cause of Defendants' violations of the CLRA, Plaintiff and the Class have suffered harm in the form of monies paid to Defendants.

/ / /
/ / /

**Class Action Complaint**
Case No. _____

54. Pursuant to Section 1782 of the CLRA, Plaintiff has sent a notification to Defendants in writing of the particular violations of Section 1770 of the CLRA and has demanded that Defendants take appropriate actions to remedy the various violations of the CLRA, including that Defendants give notice to all affected consumers of Defendants' intent to so act. Plaintiff sent such notice by certified mail to Defendants' principal place of business in Laguna Niguel, California. The statutory deadline for compliance has not yet passed.

55. Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order enjoining the above-described wrongful acts and practices of Defendants. Although Plaintiff disclaims any claim for damages at this time, she reserves the right to amend her complaint to seek such damages.

## PRAYER FOR RELIEF

Plaintiff, on her own behalf and on behalf of the Class, respectfully prays for judgment against Defendants as follows:

1. For an Order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and directing that reasonable notice of this action be given to members of the Class;
2. For an Order finding and declaring Defendants' acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent;
3. For an Order preliminarily and permanently enjoining Defendants from engaging in the practices complained and alleged herein;
4. For an Order requiring Defendants to make restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendants' wrongful conduct;
5. For prejudgment interest to the extent permitted by law;
6. For an award of attorneys' fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

7. For such other and further relief as the Court deems just and proper.

DATED: January 13, 2011

**MARLIN & SALTZMAN, LLP**
**NOVAK & BEN-COHEN**

By: _____
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff Whitney Godsian

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: January 13, 2011

**MARLIN & SALTZMAN, LLP**
**NOVAK & BEN-COHEN**

By: _____
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff Whitney Godsian

**Class Action Complaint**
Case No. _____

| | |
|---|---|
| Name & Address:<br>Stanley D. Saltzman, Esq. (SBN 90058)<br>Marcus J. Bradley, Esq. (SBN 174156)<br>Kiley L. Grombacher, Esq. (SBN 245960)<br>MARLIN & SALTZMAN, 29229 Canwod St., #208,<br>Agoura Hills, CA, 91301; (818) 991-8080 | |

**ORIGINAL**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY GHODSIAN, an individual, on behalf of herself and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>POWER BALANCE LLC, a Delaware Limited Liability Company, TROY JOHN RODARMEL, an individual, JOSH RODARMEL, an individual, KEITH KATO, an individual, and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>SACV11-00075 DOC (RNBx)<br><br><br>SUMMONS |

TO: DEFENDANT(S): POWER BALANCE, LLC, a Delaware Limited Liability Company, TROY JOHN RODARMEL, an individual, JOSH RODARMEL, an individual, KEITH KATO, an individual

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Kiley L. Grombacher, Esq._____, whose address is Marlin & Saltzman, 29229 Canwood Street, Suite 208, Agoura Hills, CA, 91301_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 4 2011

By: **CHRISTOPHER POWERS**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                       SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
WHITNEY GHODSIAN, an individual, on behalf of herself and on behalf of all others similarly situated,

**DEFENDANTS**
POWER BALANCE LLC, a Delaware Limited Liability Company, TROY JOHN RODARMEL, an individual, JOSH RODARMEL, an individual, KEITH KATO, an individual, and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stanley D. Saltzman, Esq. (SBN 90058); Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
MARLIN & SALTZMAN-29229 Canwood St., #208, Agoura Hills, CA 91301

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Calif. Bus. & Prof. Code Section 17200, et seq.; Section 17500, et seq.; violations of Consumers Legal Remedies Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV11-00075

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): SACV11-00018 CJC (NLGx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County - Troy John Rodarmel<br>Orange County - Josh Rodarmel<br>Orange County - Keith Kato | Power Balance - a Delaware Corporation |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date January 13, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |